[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-16166
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 22, 2010
JOHN LEY
CLERK

D.C. Docket No. 08-00028-CR-1-SPM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK BRADFORD LEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 22, 2010)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Mark Bradford Lee appeals his 108-month sentence imposed following his guilty plea to receiving and distributing, as well as attempting to receive and distribute, child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Lee argues his sentence is substantively and procedurally unreasonable under the 18 U.S.C. § 3553(a) factors. Specifically, Lee contends that, given the flawed nature of Sentencing Guidelines for child pornography, and his mitigating characteristics, the district court failed to adequately explain its sentence. Lee also notes the court failed to announce the calculated Guidelines range. After review, we affirm Lee's sentence.

This Court reviews the reasonableness of a sentence under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). The sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in § 3553(a)(2), namely, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future criminal conduct by the defendant, and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and

circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable Guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7). This Court will not reverse unless it is "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

A sentence may be either procedurally or substantively unreasonable. *See United States v. Hunt*, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). "A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence." *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 2848 (2009). "The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *Id.* at 1324.

3

Lee has not shown his bottom-end Guidelines sentence was unreasonable under the totality of the circumstances, or that the district court failed to adequately explain its sentence. The court listened to all of Lee's objections, explained its ruling on each one, and sustained two of them. Moreover, the court specifically referenced Lee's arguments for mitigation in imposing a sentence at the lowest end of the Guidelines.

Lee has also failed to show the district court committed reversible error by failing to verbally announce the Guidelines range at sentencing. To begin with, Lee cites no authority for the proposition that a court commits reversible error simply by failing to verbally announce the Guidelines range. With respect to the court's explanation, "nothing . . . requires the district court to state on the record that it has explicitly considered each of the section 3553(a) factors . . . ." *See United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). Here, the court properly calculated the Guidelines range and stated it had considered all of the § 3553(a) factors.

Finally, Lee's argument that child pornography guidelines are constitutionally flawed is foreclosed by our precedent. *See United States v. Pugh*, 515 F.3d at 1201 n. 15. Accordingly, we affirm Lee's sentence.

**AFFIRMED.**

4